UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-80028-CIV-ROSENBERG

EUGENE OAKES, KEITH BURT,
and DEBBIE HARRIS,

    Plaintiffs,

vs.

BLUE CROSS AND BLUE SHIELD OF
FLORIDA, INC. d/b/a FLORIDA BLUE,

    Defendant.

_____/

## FINAL APPROVAL ORDER AND JUDGMENT

THIS CAUSE came before the Court upon the Motion for Final Approval of Class Action Settlement ("Motion") filed by Plaintiffs Eugene Oakes, Keith Burt, and Debbie Harris (Mr. Oakes, Mr. Burt, and Ms. Harris are collectively the "Plaintiffs"), with the consent of Defendant Blue Cross and Blue Shield of Florida, Inc. ("Florida Blue") (each Plaintiff and Florida Blue individually is a "Party," and all collectively are the "Parties"). After careful consideration of the Motion and the record, including the Settlement Agreement and Release ("Settlement" or "Agreement"), it is ORDERED and ADJUDGED that the Motion is GRANTED as follows:[1]

### Final Approval of Settlement

1.    The Parties have submitted for final approval a proposed class settlement of this Action that is memorialized in the Settlement dated June 16, 2016 (D.E. 52-1). For the reasons set out in detail below, this Court has determined that the Settlement is fair, reasonable, and adequate and should therefore be approved. Accordingly, this Court issues this Final Approval

---

[1] Capitalized terms not otherwise defined in this Order have the meanings assigned to them in the Parties' Agreement.

Order and Judgment, which (1) grants final approval of the Settlement, (2) certifies a class for settlement purposes, (3) awards service awards to the Class Representatives, and (4) awards Class Counsel's attorneys' fees and expenses.

2.      On October 21, 2016, this Court held a hearing to consider the fairness, reasonableness, and adequacy of the proposed Settlement (the "Final Approval Hearing").

3.      The Court has considered the Agreement, the extensive court file, and presentations by the Parties in support of the fairness, reasonableness, and adequacy of the Settlement.

4.      In rendering its decision, the Court considered whether the proposed Settlement is "fair, adequate and reasonable and is not the product of collusion" between the parties. *Poertner v. Gillette Co.*, 618 Fed. Appx. 624, 628 (11th Cir. 2015); *Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 (11th Cir. 1994); *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984); *In re Corrugated Container Antitrust Litig.*, 643 F.2d 195, 207 (5th Cir. 1981). To decide this, the Court considered six factors: (1) the existence of fraud or collusion behind the Settlement; (2) the complexity, expense and duration of litigation; (3) the stage of proceedings at which the Settlement was achieved and the amount of discovery completed; (4) the probability of the Plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of Class Counsel, Class Representatives, and the substance and amount of opposition received. *Leverso*, 18 F.3d at 1530 n.6; *see also Bennett*, 737 F.2d at 986. "In assessing these factors, the Court 'should be hesitant to substitute . . . her own judgment for that of counsel.'" *Lipuma v. Am. Express Co.*, 406 F. Supp. 2d 1298, 1315 (S.D. Fla. 2005) (quoting *In re Smith,* 926 F.2d 1027, 1028 (11th Cir. 1991)).

5.	There are no objections to the Settlement, and only eighteen (18) Settlement Class Members timely excluded themselves from the Settlement Class, which represents a very small percentage of the estimated 2,772 Settlement Class Members. The absence of objections and small number of exclusions relative to the size of the Settlement Class supports approval of the Settlement. *See, e.g., Bennett*, 737 F.2d at 988 n.10 (holding that the district court properly considered the number and substance of objections in approving a class settlement).

6.	There also is no suggestion of fraud or collusion between the Parties or their counsel in negotiating the Settlement's terms. The record demonstrates extensive, arm's-length negotiations—including three formal, in-person mediation sessions, as well as numerous conferences among counsel and mediator Paul C. Huck, Jr., who has significant experience in successfully mediating complex actions. Furthermore, the terms of the Settlement make it clear that the process by which the Settlement was achieved was fair.

7.	As for the remaining factors, the Court need not readdress the merits of this litigation, other than to note that the Court dismissed with prejudice the claims asserted in a companion case against Florida Blue, *Kondell v. Blue Cross & Blue Shield of Florida, Inc.*, Case No. 15-61118-CIV-ROSENBERG. The Court therefore recognizes the risk that Plaintiffs may not have succeeded on their claims, including prevailing on the pending class certification motion. There also existed uncertainty as to whether the *Kondell* plaintiffs could have prevailed on an appeal of the dismissed claims. Given these considerable open issues, the benefits available directly to the Settlement Class represent an excellent and outstanding result. *Bennett*, 737 F.2d at 986-87.

8.	If this case were to proceed without settlement, appeal of the dismissed *Kondell* claims and any trial (and further appeal thereafter in this Action) would have been complex,

lengthy, and expensive. The Settlement eliminates the risk that the Settlement Class could walk away empty-handed, which could have meant the inability for Settlement Class Members to get expanded access to treatment for a serious disease. Moreover, Florida Blue has defended this Action, as it did in *Kondell*, vigorously and likely would continue to do so through trial and appeal, absent settlement. As a result, Settlement Class Members likely could not obtain a better recovery than what they achieved in this Settlement. *Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534, 543 (S.D. Fla. 1988) (settlement "shortened what would have been a very hard-fought and exhausting period of time, which may have realistically ended with a decision similar to the terms of the settlement").

9. The last *Bennett* factor this Court reviews is the stage of the proceedings at which Settlement was achieved. For this factor, courts look to whether the parties have sufficient information to make an informed decision with respect to the settlement. *See Ressler v. Jacobson*, 822 F. Supp. 1551, 1555 (M.D. Fla. 1992) ("The law is clear that early settlements are to be encouraged, and accordingly, only some reasonable amount of discovery should be required to make these determinations."). This Action was settled after more than a year of litigation, including briefing on class certification and after dismissal with prejudice of *Kondell*. The Settlement was preceded by considerable arm's-length negotiations between Class Counsel and attorneys for Florida Blue during formal mediation overseen by a well-qualified mediator. The facts demonstrate that Plaintiffs were sufficiently informed to negotiate, execute, and recommend approval of this Settlement.

10. This Court may also consider the opinions of Class Counsel. *Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir.), *cert. denied*, 459 U.S. 828 (1982); *Warren v. Tampa*, 693 F. Supp. 1051, 1060 (M.D. Fla. 1988). Class Counsel have considerable experience in the

prosecution of large, complex consumer class actions. This Court gives credence to the opinion of Class Counsel, amply supported by the Court's independent review, that this Settlement provides significant, valuable, and quantifiable relief to the Settlement Class and is an outstanding result given the risks and uncertainties that faced Plaintiffs. The relief is well within the range of the amount that may have been recovered had Plaintiffs prevailed at trial.

11. Accordingly, the terms of the Settlement, including all exhibits thereto, are fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, Plaintiffs and Settlement Class Members. In return for the class-wide relief, the Second Amended Complaint shall be dismissed with prejudice and Florida Blue will receive releases from the Settlement Class Members as set forth in the Agreement.

## Certification of Settlement Class

12. The Court has personal jurisdiction over the Parties and the Settlement Class Members and has subject matter jurisdiction over this Action, including, without limitation, jurisdiction to approve the Settlement, to grant final certification of the Settlement Class for settlement purposes, to settle and release all Released Claims, and to dismiss this Action on the merits and with prejudice. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985).

13. The Court certifies, for settlement purposes only, the following Settlement Class comprising two subclasses, pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(d)(2):

### The ERISA Class

> All persons currently or formerly covered under any type of health benefits plan, health insurance policy, or health maintenance organization contract, governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), and insured or administered by Florida Blue,[2] whose request for authorization or coverage of the

---

[2] "Florida Blue" means Blue Cross and Blue Shield of Florida, Inc. and all of its divisions, subsidiaries, and affiliates, including, without limitation, Health Options, Inc.

- 5 -

> prescription drug Harvoni was denied, on or before seven (7) days prior to the Notice Deadline.
>
> The Contract Class
>
> All persons currently or formerly covered under any type of health benefits plan, health insurance policy, or health maintenance organization contract, not governed by ERISA, and insured or administered by Florida Blue, whose request for authorization or coverage of the prescription drug Harvoni was denied, on or before seven (7) days prior to the Notice Deadline.

14. The Court finds, for settlement purposes only, that: (a) the Settlement Class as defined above is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims of the Class Representatives are typical of the claims of the Settlement Class; (d) the Class Representatives will fairly and adequately protect the interests of Settlement Class Members; (e) Plaintiffs allege that Florida Blue has acted or refused to act on grounds that apply generally to the Settlement Class; (f) the questions of law or fact common to the Settlement Class predominate over the questions affecting only individual Settlement Class Members; and (g) certification of the Settlement Class is superior to the other methods for the fair and efficient adjudication of this controversy.

15. The Court further finds, for settlement purposes only, that: (a) Settlement Class Members have a limited interest in individually prosecuting the claims at issue; (b) the Court is satisfied with Class Counsel's representation that they are unaware of any other pending litigation regarding the claims at issue by Settlement Class Members, except for *Kelly v. Blue Cross and Blue Shield of Florida, Inc.*, No. 16-CA-1860, Fourth Judicial Circuit Court, Duval County, Florida; (c) it is desirable to concentrate the claims at issue in this forum; and (d) it is unlikely that there will be difficulties encountered in administering this Settlement. In making

these findings, the Court also notes that, because this Action is being settled rather than litigated, the Court need not consider manageability issues that might be presented in this Action. *See Amchem Prods., Inc. v. Windsor*, 117 S. Ct. 2231, 2248 (1997).

16.  The Court further finds that the Class Notice given to the Settlement Class, in accordance with the Court's Preliminary Approval Order (D.E. 54) and Order Modifying Preliminary Approval Order and Authorizing Limited Supplemental Class Notice (D.E. 66), fully satisfies Federal Rules of Civil Procedure 23, due process, and all other applicable law. This Court has again reviewed the Class Notice and the accompanying documents and finds that the "best practicable" notice was given to the Settlement Class and that the Class Notice was "reasonably calculated" to (a) describe the Action and the Plaintiffs' and Settlement Class Members' rights in it; and (b) apprise interested parties of the pendency of the Action and of their right to have their objections to the Settlement heard. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810 (1985). This Court further finds that Settlement Class Members were given a reasonable opportunity to opt out of the Settlement and that they were adequately represented by Plaintiffs. *See Shutts*, 472 U.S. at 810. The Court thus reaffirms its findings that the Class Notice given to the Settlement Class satisfies the requirements of due process and holds that it has personal jurisdiction over all Settlement Class Members.

17.  The Court further finds that the CAFA Notice provided to the appropriate state and federal officials pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715, fully satisfies the requirements of that statute.

18.  The persons who timely and validly requested exclusion from the Settlement Class (Successful Opt-Outs) are excluded from the Settlement Class and are not bound by this

Final Approval Order and Judgment. Appendix A, filed under seal in compliance with the Health Insurance Portability and Accountability Act, identifies all Successful Opt-Outs.

## Dismissal and Release

19. The Court dismisses this Action on the merits and with prejudice as to the Parties and Settlement Class Members (except Successful Opt-Outs), without attorney's fees, costs, or expenses to any Party or Settlement Class Member, except as expressly provided in this Final Approval Order and Judgment.

20. Upon the Effective Date,[3] the Court adjudges that the release attached as Appendix B shall be valid and binding against the Releasing Parties.

21. The Court further adjudges that the protections afforded under Section 1542 of the California Civil Code and any other similar, comparable, or equivalent laws, are terminated.

22. The Parties and all Settlement Class Members (except Successful Opt-Outs), and any person actually or purportedly acting directly or derivatively on behalf of the Parties and all Settlement Class Members (except Successful Opt-Outs), or acting on a representative basis or in any other capacity, including, without limitation, the plaintiff in *Kelly v. Blue Cross and Blue Shield of Florida, Inc.*, No. 16-CA-1860, Fourth Judicial Circuit Court, Duval County, Florida, are hereby permanently BARRED and ENJOINED from commencing, prosecuting, intervening in, or participating in any lawsuit, action, arbitration, or proceeding in any court, arbitration forum, or tribunal asserting any of the Released Claims against any of the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Parties' Agreement, this Final Approval Order and Judgment, and the Court's authority to effectuate the Agreement, and is ordered in aid of the Court's jurisdiction and to protect its judgments.

---

[3] "Effective Date" means five (5) business days after this Final Order and Judgment is no longer subject to review, rehearing, appeal, petition for allowance of appeal, petition for certiorari, or other review of any kind.

23. The Parties' Agreement, the Preliminary Approval Order, the Court's amendments to the Preliminary Approval Order, and this Final Approval Order and Judgment, and any and all negotiations, documents, actions, and discussions associated therewith, shall not be deemed or construed to be an admission or concession, by or against any of the Parties, Settlement Class Members, or Released Parties, of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any actual or potential liability, fault, or wrongdoing, or of the truth or validity of any of the claims asserted by Plaintiffs in this Action. Evidence relating to the Agreement, the Preliminary Approval Order, the Court's amendments to the Preliminary Approval Order, and this Final Approval Order and Judgment, and any and all negotiations, documents, actions, and discussions associated therewith, shall not be discoverable or used, directly or indirectly, in any way, whether in this Action or in any other action or proceeding, except for purposes of the Parties' enforcement of the terms and conditions of the Agreement, the Preliminary Approval Order, the Court's amendments to the Preliminary Approval Order, or this Final Approval Order and Judgment; provided, however, that the Agreement and this Final Approval Order and Judgment may be filed and used in any action, arbitration, or other proceeding against or by the Released Parties to support a defense of res judicata, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim or issue preclusion or similar defense or counterclaim.

24. In the event that any provision of the Settlement or this Final Approval Order and Judgment is asserted by a Released Party as a defense in whole or in part to any claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action, or proceeding brought by a Settlement Class Member or any person actually or purportedly acting

on behalf of any such Settlement Class Member, that suit, action, or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties and Settlement Class Members irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Parties' Agreement, this Final Approval Order and Judgment, and the Court's authority to effectuate the Settlement, and are ordered in aid of Court's jurisdiction and to protect its judgments.

### **Attorney's Fees and Service Awards**

25. The Agreement provides that Florida Blue agrees to pay up to $2.24 million, which includes Class Representative service awards and Class Counsel's attorneys' fees and expenses. Class Counsel made an application to the Court for an award of attorneys' fees in the Motion. The Court grants that application and finds the attorney fee here warranted. Specifically, the Court finds that a fee award should be based on consideration of "any non-monetary benefits conferred upon the class by the settlement," such as injunctive relief, as well as "the economics involved in prosecuting a class action." *Poertner*, 618 Fed.Appx. at 628. Here, the Parties have estimated that there are approximately 2,772 Settlement Class Members and the per-person retail cost for Harvoni is $63,000 for an 8-week course of therapy and $94,500 for a 12-week course of therapy.

26. Under a common-fund analysis, i.e., determining Class Counsel's fee based on a percentage of that total available benefit, the fee is reasonable. The total amount of fees

requested (after deducting Class Counsel's expenses of $9,508.20 and the Class Representatives' service awards of $5,000 each) represents a small percentage of this overall benefit. That percentage falls well below the "benchmark" range of 25%-30% recognized by Circuit precedent. *See Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1294-95 (11th Cir. 1999); *Camden I Condo Assoc. v. Dunkle*, 946 F.2d 768, 774 (11th Cir. 1991).

27. Moreover, the fee is reasonable in view of the substantial risk associated with asserting these claims, the excellent results achieved for the Settlement Class, and the extensive time and effort it took to achieve that result.[4] Accordingly, the Court approves payment of the following amounts to be paid as provided in the Parties' Agreement:

a. Attorneys' fees to Class Counsel in the amount of $2,215,491.80;

b. Costs and expenses to Class Counsel in the amount of $9,508.20;

c. Incentive award to Mr. Oakes in the amount of $5,000

d. Incentive award to Mr. Burt in the amount of $5,000; and

e. Incentive award to Ms. Harris in the amount of $5,000.

## Further Matters

28. No Settlement Class Member or any other person shall be entitled to conduct any discovery concerning the Agreement or the Settlement and its administration, except as may be directed by the Court.

29. The Parties are authorized, without needing further approval from the Court, to agree to and adopt such amendments, modifications, and expansions of the Agreement and its

---

[4] Class Counsel's fee of $2,215,491.80 represents a 2.0 multiplier of their lodestar, which is also reasonable. *Pinto v. Princess Cruise Lines, Ltd.*, 513 F. Supp. 2d 1334 (S.D. Fla. 2007) (noting lodestar multiples "in large and complicated class actions" range from 2.26 to 4.5, while "three appears to be average" and "most lodestar multiples awarded in cases like this are between 3 and 4").

exhibits that: (a) are consistent in all material respects with this Final Approval Order and Judgment; and (b) do not limit the rights of the Settlement Class Members.

30. The terms of the Parties' Agreement and this Final Approval Order and Judgment shall be forever binding on the Parties and all Settlement Class Members, as well as their respective heirs, representatives, executors, administrators, successors, and assigns, and those terms shall have res judicata and full preclusive effect in all pending and future claims, lawsuits, or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits, or other proceedings involve matters encompassed by the release set forth in <u>Appendix B</u>.

31. Without affecting the finality of this Final Approval Order and Judgment, the Court reserves continuing and exclusive jurisdiction over all matters relating to the administration, implementation, effectuation, and enforcement of the Parties' Agreement and Settlement approved by this Final Approval Order and Judgment.

32. Finding that there is no just reason for delay, the Court orders that this Final Approval Order and Judgment shall constitute a final judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure. The Clerk of the Court is directed to enter this Final Approval Order and Judgment on the docket forthwith.

DONE and ORDERED in Chambers at the Paul G. Rogers Federal Building and United States Courthouse, West Palm Beach, Florida, this 21st day of October, 2016.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record